UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE A. ROBINSON )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF )<br>VETERANS AFFAIRS )<br>)<br>Defendant. )<br>_____) | Civil Action No. 1:06CV01973 |

ANSWER

Now comes, Defendant, U.S. Department of Veterans Affairs, by its undersigned attorneys, and hereby answers Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

SECOND DEFENSE

Defendant, at all relevant times, acted reasonably and in a prudent and safe manner and did not breach the standard of care or any other duty owed to Plaintiff's decedent.

THIRD DEFENSE

Plaintiff's claims and/or causes of action set forth in the Complaint are barred by the doctrines of contributory negligence and/or assumption of the risk.

FOURTH DEFENSE

No acts or omissions by the Department of Veterans Affairs were the proximate cause of any injury to Plaintiff's decedent.

FIFTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

SIXTH DEFENSE

Defendant U.S. Department of Veterans Affairs will number each of the unnumbered paragraphs of the statement that plaintiff has attached to her Complaint and, in response to each of those now-numbered paragraphs, Defendant U.S. Department of Veterans Affairs (hereinafter, VA) avers and states as follows:

1. The Defendant admits the first sentence. Defendant denies the allegations contained in the second, third, and fourth sentences of this paragraph except the date of Plaintiff's decedent's death. Defendant admits the allegations contained in the fifth sentence of this paragraph but avers that the VA medical records of Plaintiff's decedent are the best evidence of his medical condition while he was at the Washington, DC, VA Medical Center.

2. Defendant admits the allegations contained in the first two sentences of the second paragraph except to the extent that they differ from the findings contained in the May 20, 2004, report prepared by the VA Office of Inspector General (hereinafter, VAOIG) concerning their investigation into the circumstances surrounding the death of Plaintiff's decedent, which Defendant avers is the best evidence concerning VAOIG's findings. Defendant denies the allegations contained in the remaining sentences of this paragraph.

3. Defendant admits the allegations contained in the first, second, and third sentences of the third paragraph of Plaintiff's Complaint. Defendant denies the allegations of the fourth sentence of the third paragraph of Plaintiff's Complaint. Defendant is without knowledge or has insufficient information to either admit or deny the allegations contained in the fifth sentence of

this paragraph. Defendant admits only that Plaintiff was made an offer of $25,000 and that she declined such an offer and denies the remainder of the allegations contained in the sixth and seventh sentence of this paragraph. Defendant denies the allegations contained in the eighth sentence of this paragraph.

 4. Defendant is without knowledge or has insufficient information to either admit or deny the allegations of the first sentence of the fourth paragraph. The second sentence of this paragraph contains conclusions of law to which no response is required but to the extent a response is deemed to be required, deny. The third sentence of this paragraph contains a prayer for relief to which no response is required but to the extent a response is deemed to be required, deny. Defendant is without knowledge or has insufficient information to either admit or deny the allegations of the fourth and fifth sentences of this paragraph. The sixth sentence of this paragraph contains a prayer for relief to which no response is required but to the extent a response is deemed to be required, deny. Defendant denies the allegations contained in the last sentence of this paragraph.

 5. Defendant denies the allegations contained in the first sentence of the fifth paragraph. The second sentence of this paragraph contains a prayer for relief to which no response is required but to the extent a response is deemed to be required, deny. Defendant denies the allegations contained in the third, fourth and fifth sentences of this paragraph. Admit the sixth sentence. The seventh sentence contains a prayer for relief to which no response is required but to the extent a response is deemed to be required, deny. Defendant is without knowledge or has insufficient information to either admit or deny the allegations contained in the remainder of this paragraph.

Defendant denies each and every allegation in the Complaint that has not been previously otherwise qualified or denied.  Defendant denies that plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, having fully answered, Defendant respectfully requests that the Court dismiss this case with prejudice, award Defendant its costs, and grant such other relief as this Court deems appropriate.

Dated:  January 23, 2007.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Answer was served upon Plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Stephanie A. Robinson, Esq.
6721 Royal Thomas Way
Alexandria, VA 22315

on this 23rd day of January, 2007.

 

_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney