IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Stephanie A. Robinson,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) Civ. Act. No. 06-1973 (EGS) |
| v. | ) **ELECTRONIC FILING** |
| | ) |
| **Department of Veterans Affairs,** | ) |
| | ) |
| | ) |
| **Defendant** | ) |
| | ) |

**PARTIES' JOINT REPORT AND BRIEF STATEMENT OF THE CASE**

Pursuant to Local Rule 16.3, Fed. R. Civ. P. the parties conferred by telephone and electronic transmission. This report sets forth the parties' agreement or respective positions with respect to scheduling further matters in this action.

**BACKGROUND**

This is a malpractice action.

**COMPLIANCE WITH LOCAL RULE 16.3(c)**

Pro Se plaintiff and Counsel for defendant conferred on Friday, February 9, 2007, to discuss the matters set forth in Local Rule 16.3(c). Their positions on those matters are set forth below. The text of the rule describing those matters appears in italics, followed by the parties' comments.

(1)     *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The Defendant will file a motion for Summary Judgment.

The Plaintiff opposes a motion for Summary Judgment; recommend awaiting a decision

by the Judge.

(2)  *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

Defendant will be filing an amended answer by no later than March 13, 2007.

Plaintiff will address the factual issues on March 16, 2007, at the Initial Scheduling Conference.

(3)  *Whether the case should be assigned to magistrate judge for all purposes, including trial.*

To the extent that this case survives summary judgment, defendant will agree that this case should be assigned to a magistrate judge for discovery disputes only.  For all other purposes, defendant believes that this case should not be assigned to a magistrate judge.

The Plaintiff opposes not assigning the case to a judge.

(4)  *Whether there is a realistic possibility of settling the case.*

Because the defendant will file a motion for summary judgment, it does not believe that there is a realistic probability of settlement.

The Plaintiff objects to the motion for summary judgment.  The Defendant did not further explore a settlement talk in order to attempt to produce an agreement.

(5)  *Whether the case could benefit from the Court's alternative dispute resolution (ADR)procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their client.[1]*

Defendant proposes that the case may be resolved by dispositive motion; therefore, ADR is not an option at this juncture.

---

[1] Subsections (i) through (v) are not repeated herein.

       The Plaintiff objects to the motion for summary judgment or dispositive motion.

Alternative dispute resolution should be explored.

(6)    *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies, and proposed dates for a decision on the motions.*

       The Defendant will file its motion for summary judgment by April 17, 2007.

       The Plaintiff objects to the motion for summary judgment and any motion to dismiss.

(7)    *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made and the scope, form or timing of those disclosures.*

       The Defendant desires to dispense with initial disclosures.

       The Plaintiff presented all documentation in her possession to the defendant and the court in the initial claim. There are no changes to the initial documents.

(8)    *The anticipated extent to discovery, how long discovery should take, what limits should be place on discovery (e.g. number of interrogatories, number of deposition, duration of depositions), whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.*

       Should this case survive summary judgment, the parties propose a 180 day discovery period. Accordingly, discovery will come to a close on July 20, 2007.

       The Plaintiff proposes to address the issues of the case on March 16, 2007.

(9)    *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P. should be modified and whether and when deposition of experts should occur.*

       Defendant proposes that its expert report becomes due 30 days after the Plaintiff's submission. Defendant further proposes that all expert discovery end by August 20, 2007.

       The Plaintiff does not oppose.

(10)   *In class actions, appropriate procedure for dealing with rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and*

*opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

The parties do not believe that this section is applicable.

(11) *Whether the trials and/or discovery should be bifurcated or managed in phases, and a specific proposal for bifurcation.*

The parties are not requesting bifurcation.

(12) *The date for the pretrial conference (understanding that a trial with take place 30 to 60 days thereafter).*

The parties would like the Court to set a Status Conference at the end of Discovery. At that time, the Court may set a Pretrial Conference.

(13) *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

Defendant proposes that the trial date should be set at the pretrial conference.

The Plaintiff does not oppose the trail date be set at the pretrial conference.

Respectfully submitted,

[Per telephonic consent]                                              /s/
_____                        _____
Stephanie A. Robinson                              Heather Graham-Oliver, Esq
6721 Royal Thomas Way                           Ass't. United States Attorney
Alexandria, Virginia 22315                         Judiciary Square Building
(703) 550-9614                                           555 Fourth Street
                                                                  Civil Division
                                                                  Washington, D.C. 20530
                                                                  (202) 305-1334
                                                                  (202) 514-8780 [Fax]