IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE A. ROBINSON,            )<br>    Executrix for the Estate of          )<br>    Joseph Robinson                       )<br>    Plaintiff,                                  )<br>                                                      )<br>v.                                                   )<br>                                                      )<br>THE UNITED STATES OF AMERICA )<br>    Defendant.                              )<br>_____)  | Case No: 1:06-cv-01973-EGS |

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

The Plaintiff Stephanie A. Robinson, by and through her undersigned counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 7 of the Local Rules of Practice of the United States District Court for the District of Columbia, hereby moves this Court for permission to serve and file the amended complaint which is attached as Exhibit 1.

This Motion is supported by the attached exhibits and Memorandum of Points and Authorities.

Respectfully submitted,

Stephanie A. Robinson

_____/s/_____
Paula M. Potoczak (D.C. # 929562)

Paula M. Potoczak, L.L.C.
1010 Cameron Street
Alexandria, Virginia 22314
(703) 519 - 3733 (telephone)
(703) 519 - 3827 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE A.ROBINSON,    )<br>    Executrix for the Estate of  )<br>    Joseph Robinson    )<br>    Plaintiff,    )<br>v.    )<br>    )<br>THE UNITED STATES OF AMERICA  )<br>    Defendant.    )<br>_____)| Case No: 1:06-cv-01973-EGS |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

STATEMENT OF THE CASE

The Plaintiff filed the initial Complaint, pro se, on November 17, 2006. On March 16, 2007, the Honorable Emmet G. Sullivan appointed the undersigned as counsel in this matter. A mediation conference was held on May 15, 2007 with Magistrate Judge Kay. During this conference, the parties settled the matter. As part of the agreement to settle the case, the Defendant required that the Plaintiff agree to seek leave of Court to amend the Complaint to reflect the proper parties. The Amended Complaint, reflecting the proper parties, is attached as Exhibit 1.

ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. At this point in the litigation, after the filing of a responsive pleading, leave of Court is required for an amendment. Fed. R. Civ. P 15(a). When a party makes a motion for permission to amend the complaint, such permission "shall be freely given when justice so requires." Id.

An amendment of the Complaint is appropriate under Rule 15(a) of the Federal Rules of Civil Procedure to add or to drop parties and to correct defects in naming of the parties. Such

amendments are appropriate where it is early in the litigation, there have been no other amendments and no prejudice will accrue to the opposing party. The decision to grant leave to amend is in the sound discretion of the district court and leave to do so should be freely given, particularly when justice so requires. M.K. v. Tenet, 216 F.R.D. 133 (D.D.C. 2002); Steibuch v. Cutler, 463 F. Supp. 2d 1 (D.D.C. 2006). The Rules itself encourages the court to look favorably on a Motion to Amend. 6 Wright, Miller & Kane, Federal Practice and Procedure § 1484 (2nd ed.1990).

    Here, the Plaintiff seeks leave to amend the Complaint to reflect that Ms. Robinson brings the action in her representative capacity as the Executrix of the Estate of Joseph Robinson rather than in Ms. Robinson's own name. The proper party Plaintiff in this matter is Stephanie A. Robinson, Executrix for the Estate of Joseph Robinson.

    The Plaintiff seeks also to amend the name of the Defendant. Because the Plaintiff brings this case under the Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671 et seq. (FTCA), the proper party defendant is the United States of America and not the Department of Veterans Affairs. These amendments do not change the allegations contained in the Complaint. Rather, the amendments bring the Complaint in line with the law which requires the proper party plaintiff for a wrongful death action to be the representative of the estate and for the defendant under the FTCA to be the United States of America. Because the Defendant does not object to this Motion and the amendments will not change the course and nature of the litigation, this Court should

grant Plaintiff's Motion to Amend the Complaint.

                                          Respectfully submitted,
                                          Stephanie A. Robinson

                                          /s/
                                          Paula M. Potoczak (D.C. # 929562)

                                          Paula M. Potoczak, L.L.C.
                                          1010 Cameron Street
                                          Alexandria, Virginia 22314
                                          (703) 519 - 3733 (telephone)
                                          (703) 519 - 3827 (facsimile)


### Certificate of Service

     I hereby certify that on the 18th day of May 2007, the attached Motion to Amend Complaint and a Memorandum in Support of the Motion to Amend the Complaint was electronically filed and served by first-class mail:

                              Heather D. Graham-Oliver
                              Assistant United States Attorney
                              U.S. Attorneys Office
                              555 4th Street, N.W., Room 10-818
                              Washington, D.C.  20530


                                                      /s/
                                                      Paula M. Potoczak

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHANIE A. ROBINSON,            )
    Executrix for the Estate of      )
    Joseph Robinson                  )
    Plaintiff,                       )
                                              )
v.                                )   Case No: 1:06-cv-01973-EGS
                                              )
THE UNITED STATES OF AMERICA      )
    Defendant.                       )
                                              )

## AMENDED COMPLAINT

The Plaintiff, Stephanie A. Robinson, Executrix for the Estate of Joseph Robinson, by and through her undersigned counsel, alleges and pleads as follows against the Defendant, the United States of America:

### I. Parties

1. The Plaintiff, Stephanie A. Robinson is a resident of the Commonwealth of Virginia and the duly appointed Executrix of the Estate of Joseph Robinson, the decedent.

2. The Defendant is the United States of America.

### II. Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1346 and § 2671, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) because the act or omission giving rise to this action took place in the District of Columbia.

5. The Plaintiff has exhausted her administrative remedies by filing the appropriate administrative claim with the U.S. Department of Veterans Affairs (VA) on April 27, 2004. The

VA denied the claim on October 11, 2005. On December 5, 2005, the Plaintiff sought reconsideration of the denial of the claim. On October 23, 2006, the VA offered to settle the matter and the Plaintiff declined the offer. The VA did not deny the claim and Plaintiff timely filed the suit on November 11, 2006.

### III. Factual Background

6. Joseph Robinson, decedent and father of the Plaintiff, died at the VA Medical Center, Nursing Home Care Unit, Washington, D.C. on April 27, 2003.

7. Mr. Robinson, 92, was a patient at the Washington VA Medical Center Nursing Home Care Unit since February 2001. He suffered from dementia, was legally blind from glaucoma, had a history of seizure disorders and congestive heart failure.

8. Because of his medical diagnoses, he was denominated a grave "fall risk" in the medical records and should have been checked on at least every 2 hours.

9. The Department of Veterans Affairs failed to follow proper policies and procedures and failed to meet and maintain the nursing standard of care regarding patient care for Mr. Robinson at the Washington D.C. VA Medical Center Nursing Home Care Unit.

10. The VA failed to provide adequate nursing care in that it left Mr. Robinson unattended for a period of more than five hours on the patio.

11. It failed to provide Mr. Robinson with adequate nursing care in that it failed to provide him with timely medication and hydration for the 5 hour period of time that he was on the patio and during the day in general on April 27, 2003.

12. This lack of adequate nursing care was a part of the regular pattern of care that was provided to Mr. Robinson from the time of his admission in February 2001 until his death in

April 2003.

13. On May 16, 2003, Ms. Robinson filed a complaint with the U.S. Department of Veterans' Affairs Office of Inspector General regarding the circumstances surrounding Mr. Robinson's death.

14. As a result of that complaint, the U.S. Department of Veterans' Affairs Office of Inspector General determined that the Washington, D.C. VA Medical Center Nursing Home Care Unit Staff did not provide adequate nursing care and did not follow procedures required to care for Mr. Robinson's safety and care. The Inspector General's office noted inconsistencies in documentation of the care of on April 27, 2003, and that the VA Medical Center did not comply with the medical center's Code Blue policy when they found Mr. Robinson on the patio.

## COUNT I
## NEGLIGENCE

14. The Plaintiff, Stephanie A. Robinson, repeats and realleges the each and every allegation contained in paragraphs 1 through 13, inclusive.

23. The Defendant was negligent, breached the standard of care and its duty to Mr. Robinson, Ms. Robinson's decedent, and breached the standard of care in that, inter alia, it failed to provide adequate and proper nursing care, medications and supervision.

24. Mr. Robinson, the Plaintiff's decedent, died as a direct and proximate cause of the Defendant's negligence.

25. As a direct and proximate cause of the Defendant's negligence, the Plaintiff incurred medical, burial and other related expenses and has experienced great mental anguish.

WHEREFORE, the Plaintiff demands judgment against the Defendant, the United

States of America, in the amount of $ 21,000,000.00.

                                    Respectfully submitted,

                                    _____
                                    Paula M. Potoczak (D.C. # 929562)

                                    Paula M. Potoczak, L.L.C.
                                    1010 Cameron Street
                                    Alexandria, Virginia 22314
                                    (703) 519 - 3733 (Telephone)
                                    (703) 519 - 3827 (Facsimile)

                                    Counsel for Plaintiff
                                    Stephanie A. Robinson,
                                          Executrix for the Estate of Joseph Robinson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHANIE A. ROBINSON,        ) | | |
|     Executrix for the Estate of     ) | | |
|     Joseph Robinson            ) | | |
|     Plaintiff,                ) | | |
|                       ) | | |
| v.                        ) | Case No: 1:06-cv-01973-EGS | |
|                         ) | | |
| THE UNITED STATES OF AMERICA    ) | | |
|     Defendant.               ) | | |
|                         ) | | |

<u>PROPOSED ORDER</u>

    This Court, having read and considered the Plaintiff, Stephanie A. Robinson, Executrix for the Estate of Joseph Robinson, Motion to for Leave to Amend the Complaint, hereby grants the Motion and the Amended Complaint is hereby filed.

    It is so ordered.

_____            _____
       Dated                                                                  United States District Judge