IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE A. ROBINSON,  )<br>    Executrix for the Estate of  )<br>    Joseph Robinson  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>THE UNITED STATES OF AMERICA  )<br>    Defendant.  )<br>  ) | Case No: 1:06-cv-01973-EGS |

AMENDED COMPLAINT

The Plaintiff, Stephanie A. Robinson, Executrix for the Estate of Joseph Robinson, by and through her undersigned counsel, alleges and pleads as follows against the Defendant, the United States of America:

I. Parties

1. The Plaintiff, Stephanie A. Robinson is a resident of the Commonwealth of Virginia and the duly appointed Executrix of the Estate of Joseph Robinson, the decedent.

2. The Defendant is the United States of America.

II. Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1346 and § 2671, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) because the act or omission giving rise to this action took place in the District of Columbia.

5. The Plaintiff has exhausted her administrative remedies by filing the appropriate administrative claim with the U.S. Department of Veterans Affairs (VA) on April 27, 2004. The

VA denied the claim on October 11, 2005. On December 5, 2005, the Plaintiff sought reconsideration of the denial of the claim. On October 23, 2006, the VA offered to settle the matter and the Plaintiff declined the offer. The VA did not deny the claim and Plaintiff timely filed the suit on November 11, 2006.

### III. Factual Background

6. Joseph Robinson, decedent and father of the Plaintiff, died at the VA Medical Center, Nursing Home Care Unit, Washington, D.C. on April 27, 2003.

7. Mr. Robinson, 92, was a patient at the Washington VA Medical Center Nursing Home Care Unit since February 2001. He suffered from dementia, was legally blind from glaucoma, had a history of seizure disorders and congestive heart failure.

8. Because of his medical diagnoses, he was denominated a grave "fall risk" in the medical records and should have been checked on at least every 2 hours.

9. The Department of Veterans Affairs failed to follow proper policies and procedures and failed to meet and maintain the nursing standard of care regarding patient care for Mr. Robinson at the Washington D.C. VA Medical Center Nursing Home Care Unit.

10. The VA failed to provide adequate nursing care in that it left Mr. Robinson unattended for a period of more than five hours on the patio.

11. It failed to provide Mr. Robinson with adequate nursing care in that it failed to provide him with timely medication and hydration for the 5 hour period of time that he was on the patio and during the day in general on April 27, 2003.

12. This lack of adequate nursing care was a part of the regular pattern of care that was provided to Mr. Robinson from the time of his admission in February 2001 until his death in

April 2003.

13. On May 16, 2003, Ms. Robinson filed a complaint with the U.S. Department of Veterans' Affairs Office of Inspector General regarding the circumstances surrounding Mr. Robinson's death.

14. As a result of that complaint, the U.S. Department of Veterans' Affairs Office of Inspector General determined that the Washington, D.C. VA Medical Center Nursing Home Care Unit Staff did not provide adequate nursing care and did not follow procedures required to care for Mr. Robinson's safety and care. The Inspector General's office noted inconsistencies in documentation of the care of on April 27, 2003, and that the VA Medical Center did not comply with the medical center's Code Blue policy when they found Mr. Robinson on the patio.

## COUNT I
## NEGLIGENCE

14. The Plaintiff, Stephanie A. Robinson, repeats and realleges the each and every allegation contained in paragraphs 1 through 13, inclusive.

23. The Defendant was negligent, breached the standard of care and its duty to Mr. Robinson, Ms. Robinson's decedent, and breached the standard of care in that, <u>inter</u> <u>alia</u>, it failed to provide adequate and proper nursing care, medications and supervision.

24. Mr. Robinson, the Plaintiff's decedent, died as a direct and proximate cause of the Defendant's negligence.

25. As a direct and proximate cause of the Defendant's negligence, the Plaintiff incurred medical, burial and other related expenses and has experienced great mental anguish.

WHEREFORE, the Plaintiff demands judgment against the Defendant, the United

States of America, in the amount of $ 21,000,000.00.

                                        Respectfully submitted,

                                        _____
                                        Paula M. Potoczak (D.C. # 929562)

                                        Paula M. Potoczak, L.L.C.
                                        1010 Cameron Street
                                        Alexandria, Virginia 22314
                                        (703) 519 - 3733 (Telephone)
                                        (703) 519 - 3827 (Facsimile)

                                        Counsel for Plaintiff
                                        Stephanie A. Robinson,
                                             Executrix for the Estate of Joseph Robinson